UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID L. BECK** <br> 529 Glen Meadow Road <br> Richboro, PA 18954 <br>       Plaintiff <br><br> v. <br><br> **ZWICKER & ASSOCIATES** <br> 80 Minuteman Road <br> Andover, MA 01810 <br>       Defendant <br><br> **JOHN DOE(S) EMPLOYEE(S) (1-3)** <br> 80 Minuteman Road <br> Andover, MA 01810 <br>       Defendant | No.: |

## COMPLAINT

### INTRODUCTION

1. This is a lawsuit for damages brought by an individual consumer for Defendant(s)' alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

### JURISDICTION AND VENUE

2. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

3. Jurisdiction of this Court arises under 15 U.S.C. Section 1692k(d), 28 U.S.C. Section 1331, 1337 and supplemental jurisdiction exists for the state law claims pursuant

to 28 U.S.C. Section 1367. Venue is proper in accordance with 28 U.S.C. Section 1391(b).

4. Defendant obtains the benefit(s) of regularly transacting business in this County of Bucks, Pennsylvania.

5. A substantially portion of the conduct complained of occurred in Bucks County, captioned above, in, Pennsylvania. Plaintiff resides in Bucks County in Pennsylvania.

## PARTIES

6. All previous paragraphs of this complaint are incorporated by reference and made a part of this Complaint.

7. Plaintiff is David L. Beck, an adult individual with a current address of 529 Glen Meadow Road, Richboro, PA 18954.

8. Defendant(s) is Zwicker & Assoicates., is a business engaged in consumer debt collection with a principle place of business located at 80 Minuteman Road, Andover, MA 01810.

9. Defendant(s) is John Doe Employee(s), an agent, servant, employee of Defendant Zwicker & Associates and is engaged in consumer debt collection with a principle place of business located at 80 Minuteman Road, Andover, MA 01810.

## FACTUAL BACKGROUND

10. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

11. On or about August 2011, within 365 days from the date of the filing of this Complaint, Defendants contacted Plaintiff's brother, Michael Beck by calling Michael Beck's telephone number 302-376-9331.

12. Defendants disclosed to Michael Beck that they are collecting upon a debt of Plaintiff.

13. Defendants inquired of Michael Beck

    (a) "How do you know Plaintiff,"

    (b) "Are you related to Plaintiff,"

    (c) "We are calling to collect a debt."

14. Again, on or about August 2011, within 365 days from the date of the filing of this Complaint, Defendants contacted Plaintiff's brother, Michael Beck by calling Michael Beck's telephone number 302-376-9331.

15. Defendants stated to Michael Beck that they "don't have to stop calling because they were collecting a debt" of Plaintiff.

16. Defendants communicated with third parties and intended to harass, annoy and/or abuse Plaintiff and the third party, Michael Beck.

## COUNT ONE:
## VIOLATION OF THE FDCPA
## 15 USC 1692 et. seq.

17. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

18. Plaintiff is a consumer debtor as defined by the Fair Debt Collection Practices Act (FDCPA), 15 USC 1692a(3).

19.   Defendant is a debt collector as defined by the FDCPA, 15 USC 1692a(6).

20.   At all times mentioned herein, Defendant was attempting to collect on an alleged consumer "debt"against Plaintiff through "communications" as defined by FDCPA 15 U.S.C. Section 1692a(2) and 1692a(5).

17.   Defendant violated the FDCPA, 15 U.S.C Sections  1692b(1), 1692b(2), 1692c(b), 1692d, 1692d(5), 1692e(10) and 1692f in the following manner:

 (a) Communicating with  a person other than the consumer and failing to identify him/herself and failing to confirm or correct location information;

 (b) Communicating with a third party and disclosing that Plaintiff owes a debt;

 (c) Communicating with the Plaintiff at a time or place known or which should be known to be inconvenient to the consumer Plaintiff;

 (d) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

 (e) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number;

 (g) Otherwise using false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect a debt.

18.   The FDCPA is a strict liability statue and "because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to

damages.  Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997); Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996).

19. Defendant's actions and/or omissions as described above were malicious, intentional, willful, wanton, reckless and negligent against Plaintiff.

20. Plaintiff was distressed and suffered from embarrassment, stress and anxiety.

21. Defendant is liable for the acts committed by its agents under the doctrine of respondent superior because Defendant's agents were acting within the scope of their employment with Defendant.

22. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

23. Any mistake made by Defendant would have included a mistake of Law.

24. Any mistake made by Defendant would not have been a reasonable or bona fide mistake.

25. Defendant is liable to Plaintiff for money damages pursuant to 15 U.S.C. Sections 1692k(a)(1), 1692k(a)(2)(A) and attorney's fees pursuant to 15 U.S.C. Section 1692k(a)(3).

**WHEREFORE**, Plaintiff respectfully requests that the following relief be granted:

(a) Actual damages, including but not limited to phone, fax, stationary, postage, etc. pursuant to 15 U.S.C. Section 1692k(a)(1);

(b) Statutory Damages pursuant to 15 U.S.C. Section 1692k(a)(2)(A) - $1,000.00;

(c) Attorney's Fees and costs pursuant to 15 U.S.C. Section 1692 k(a)(3). Attorney's fees are calculated at a rate of $350.00 per hour.

Plaintiff's attorney fees continue to accrue as the case move forward.

(d) Damages for Emotional Distress in the amount of $5,000.00; and

(e) All other relief that the Court deems just and proper.

## COUNT II
## INVASION OF PRIVACY

26. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

27. Defendant's continuous and repeated telephone calls to third parties constitutes an invasion of privacy.

28. As a result of Defendant's conduct, as pleaded above, Plaintiff sustained and continues to sustain damages and emotional distress.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant and seeks compensatory and punitive damages against Defendant and all other relief as the Court deems just and proper.

Respectfully Submitted,
**BLITSHTEIN & WEISS, P.C.**

By: _/s/ Tova Weiss_
Tova Weiss, Esquire
Iriana Blitshtein, Esquire
648 2nd Street Pike
Southampton, PA 18966
(215)364-4900
Attorneys for Plaintiff

Date: 9/13/11